## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MARK A. CULP AND PATRICIA J. CHAMBERLAIN,<br><br>     Debtors. | Chapter 7<br><br>Case No. 14-11592 (BLS)<br><br>**Re: Docket Nos. 189-90, 192** |

Peter Schaeffer, Jr., Esq.
AVENUE LAW
1073 South Governors Avenue
Dover, DE 19904

*Attorney for the Debtors*

Charles A. Stanziale, Jr., Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Matthew J. Rifino, Esq.
Kate Roggio Buck, Esq.
McCARTER & ENGLISH, LLP
405 N. King Street, 8th Floor
Wilmington, DE 19801

*Attorneys for the Chapter 7 Trustee*

## OPINION[1]

Before the Court is a motion (the "Motion") filed by the Debtors for a determination that certain insurance proceeds currently held by the Chapter 7 Trustee are not property of the bankruptcy estate and should therefore be returned to the Debtors [Docket No. 189]. The Debtors contend that the proceeds are controlled by their mortgage lender under a "loss payee" provision within the insurance policy, and thus were never property of the estate. The Trustee argues that the insurance proceeds are indeed property of the estate under 11 U.S.C. § 541(a)(6).

---

[1] This Opinion constitutes the findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

For the reasons that follow, the Court concludes that the insurance proceeds constitute property of the estate.

## I.   Factual and Procedural History

The facts of this case date back over a decade.  The Debtors owned a mixed-use real property known as 30680 Cedar Neck Road in Ocean View, Delaware (the "Property").  The Property was the Debtors' primary residence, and included a bed and breakfast operated by the Debtors.  In 2005, the Debtors executed a promissory note (the "Note") in the amount of $309,000.  To secure their obligations under the Note, they executed a mortgage encumbering the Property.  In 2013, the Note and mortgage were assigned to Green Tree Servicing, LLC ("Green Tree"), which is the most recent mortgagee on the Property.

In 2010, the Property sustained significant fire damage, requiring substantial repair and restoration.   The Debtors submitted a claim for benefits under a homeowners' insurance policy issued to them by Great Lakes Reinsurance Company.  The record reflects that the policy contained a "loss payee" clause that allowed the mortgagee (*viz.*, Green Tree) to control any proceeds or payments received on account of any damage caused to the Property, which of course was Green Tree's collateral.  Great Lakes initially paid approximately $332,962.63 for a portion of the Debtors' fire-related losses.  The insurance proceeds paid under the policy were paid directly to the Debtors through a series of checks.  Trustee's Objection, Exhibit A.  The Debtors later filed a declaratory judgment action in federal court seeking additional payments under the policy.

The Debtors filed a joint Chapter 7 petition in 2014.  They filed a schedule of assets and liabilities along with their petition, and the schedules did not reflect an exemption taken with respect to the Property or the insurance proceeds [Docket No. 1].  Following the petition date,

the Trustee, the Debtors, and Great Lakes resolved the dispute regarding the declaratory

judgment action, and Great Lakes agreed to pay the bankruptcy estate an additional $242,660.26

in proceeds in exchange for a release of liability for any further claims against the policy.  This

Court approved the insurance settlement agreement in 2015 [Docket No. 36] and Great Lakes

delivered the additional proceeds to the Trustee.

      The Debtors filed this Motion on May 3, 2016.  However, other disputes came to occupy

the parties' attention.  Specifically, the Trustee filed a motion to sell the Property (the "Sale

Motion") [Docket No. 47] for $290,000.  The Debtors objected to the sale and, on the eve of the

sale hearing they filed a motion seeking to convert their Chapter 7 case into one under Chapter

13 [Docket No. 80].  After two separate hearings, this Court ultimately denied the Debtors'

motion to convert and granted the Trustee's motion to sell the Property [Docket Nos. 100 and

119].  The Debtors appealed each of those rulings first to the District Court, which affirmed this

Court's rulings on both the Trustee's motion to sell and the Debtors' conversion motion.[2]  *Culp*

*v. Stanziale, Jr. (In re Culp)*, 545 B.R. 827 (D. Del. 2016).  The Debtors then appealed those

rulings to the Court of Appeals, which also affirmed the rulings on the two motions.  *In re Culp*,

681 F. App'x 140 (3d Cir. 2017).  The Culp's request for review by the United States Supreme

Court was denied shortly thereafter.  *Culp v. Stanziale*, 138 S. Ct. 170 (2017).  During this whole

time period, as noted above, the Court held this Motion in abeyance at the request of the parties.

      With the resolution of the appeals, the parties have advised the Court that the Motion is

now ripe for consideration and disposition.  This Motion asks the Court to decide whether the

insurance proceeds currently held by the Trustee are property of the estate or whether they are

---

[2] The Trustee closed the sale of the Property on December 16, 2016, resulting in payment of $273,975 to
Green Tree in full satisfaction of the mortgage.

not and should be returned to the Debtors.  The Trustee stated currently has approximately

$197,306.54 on hand, with approximately $94,147.74 of known administrative expenses

remaining,[3] and allowed unsecured claims totaling $131,210.33.[4]

## II.    Discussion[5]

*a. The Parties' Arguments*

The Debtors contend that the proceeds cannot be property of their estate because they

were not property of the estate pre-petition.  They argue that the "loss payee" clause under the

insurance policy granted Green Tree contractual benefits in and rights to the proceeds, allowing

Green Tree to determine their use, and thus limiting their rights in them.  The Debtors reference

three email communications between counsel for the Trustee and Green Tree [Docket Nos. 189-

4, 89-5, and 89-6].  In the emails, Green Tree stated that it would permit use of the proceeds for

repairs to the Property.  That, according to the Debtors, demonstrates that Green Tree held

control of the proceeds under the "loss payee" clause, precluding the estate's control over them

and removing them from property of the estate.  The Debtors cite to a series of cases to

substantiate their argument.  *See, e.g.*, *First Fid. Bank v. McAteer*, 985 F.2d 114, 117 (3d Cir.

1993) ("the estate's legal and equitable interests in property rise no higher than those of the

debtor.") (internal quotation omitted).  On that background, the Debtors argue that since the

proceeds were never property of the estate, thus they did not claim (and did not have to claim) an

---

[3] Per the Trustee's most recent accounting report, the Trustee anticipates additional administrative expenses, but is unable to estimate those expenses before the case is ready to close.

[4] The Trustee is also in possession of certain funds previously held in a money market by the Debtors in the amount of $46,553.05.  Finally, Green Tree also delivered $74,027.17 of excess insurance proceeds that it had held in escrow prior to the insurance settlement agreement.  The $74,027.17 in proceeds is held in escrow pursuant to the Court's order [Docket No. 177].

[5] Jurisdiction and venue are not in dispute in this case.  The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157(b).  Venue is proper in this Court under 28 U.S.C. § 1408.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E).

exemption in them.  Therefore, the proceeds should be returned to the Debtors and would not be available for distribution in the Chapter 7 case.

The Trustee argues that the proceeds are indeed property of the estate.  Under § 541, estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  It also includes "[p]roceeds ... of or from property of the estate ... ."  *Id.* at (a)(6).  Furthermore, the Trustee points to case law showing that a contingent right of recovery constitutes estate property.  *See, e.g.*, *In re Howley*, 446 B.R. 506, 510-11 (Bankr. D. Kan. 2011) ("An interest may be property of the estate even if it is novel or contingent.  Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of 11 U.S.C. § 541") (internal quotations omitted).  The Trustee notes that "[t]he conversion in form of property of the estate does not change its character as property of the estate."  *Bradt v. Woodlawn Auto Workers, F.C.U. (In re Bradt)*, 757 F.2d 512, 515 (2d Cir. 1985) (internal quotation omitted).  In that light, the Trustee contends that the proceeds at issue are property of the estate because the Debtors were named beneficiaries under the policy and certain payments were made directly to the Debtors (as payees).

The Trustee further argues that the Debtors' reliance on the "loss payee" clause is misplaced.  Green Tree's interest in the insurance proceeds was based on the mortgage and Note, which have already been satisfied in full and therefore are of no continuing legal effect.  Even so, the mortgage only afforded Green Tree a security interest in the Property, which means, at best, that Green Tree could have claimed a lien on the insurance proceeds only to the extent of its security interest in the Property.  Having been paid in full during this case, Green Tree's

remaining claim is $0. Thus, Green Tree has no legal interest in the proceeds held by the Trustee.

*b. Analysis*

This case presents an issue that frequently arises in bankruptcy: whether proceeds of an insurance policy are property of a debtor's estate. Section 541, as previously discussed, broadly provides that estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It also includes "[p]roceeds ... of or from property of the estate ... ." *Id.* "It has long been the rule in this Circuit that insurance policies are considered part of the property of the bankruptcy estate." *ACandS, Inc. v. Travelers Cas. and Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006) (citation omitted). Proceeds under an insurance policy are property of the estate when the policy provides the debtor with direct coverage. *See In re Allied Digital Techs.*, 306 B.R. 505, 511 (Bankr. D. Del. 2004) ("when a liability insurance policy provides direct coverage to a debtor the proceeds of the policy are property of the bankruptcy estate." Thus, the debtor is entitled to payment of the proceeds and those proceeds should be protected as property of the estate.").[6] "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of section 541." *In re Conex Holdings, LLC*, 518 B.R. 792, 802 (Bankr. D. Del. 2014) (citation omitted). "Examples of insurance policies whose proceeds are property of the estate include ... fire insurance policies in which the debtor is a beneficiary." *Houston v. Edgeworth, M.D. (In re Edgeworth)*, 993 F.2d 51, 56 (5th Cir. 1993).

---

[6] "The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim." *Houston v. Edgeworth, M.D. (In re Edgeworth)*, 993 F.2d 51, 55 (5th Cir. 1993)

A bankruptcy filing cannot create an interest in proceeds where one did not exist prior to filing. *First Fid. Bank*, 985 F.2d at 117. "[T]he estate's legal and equitable interest in property rise[s] no higher than those of the debtor." *Id.* (internal quotation omitted). Furthermore, "[t]he estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." *Id.* (citation omitted). But, "[p]roceeds of [a fire insurance policy], if made payable to the debtor rather than a third party such as a creditor, [is] property of the estate and may inure to all bankruptcy creditors." *Edgeworth*, 993 F.2d at 56.

The facts here clearly demonstrate that the proceeds received under the insurance policy are property of the estate. The Debtors were owners of the Property and the insurance policy pre-petition. They were also beneficiaries under the policy. The record reflects that payment was made directly to the Debtors rather than the mortgagee. Those facts demonstrate that the Debtors owned an interest in the Property before filing, and that interest extended to the proceeds after the insurance payout on the Property.

The Court is not convinced by the Debtors' "loss payee" argument. While the correspondence shows some form of approval given by Green Tree regarding the use of the proceeds by the Debtors, those exchanges are not conclusive in showing that Green Tree had exclusive control and ownership over the proceeds. In any event, the Debtors at all times held at least a contingent and residual interest in the proceeds.

Even if the "loss payee" clause grants control to Green Tree over the insurance proceeds, the Court agrees with the Trustee that Green Tree's interest in the Property is currently zero. The uncontroverted record demonstrates that Green Tree's mortgage lien was paid in full after the sale of the Property. Simply put, Green Tree has no additional control over the insurance

proceeds on account of its satisfied security interest.  As such, the insurance proceeds are not subject exclusively to Green Tree's desired disposition.

### III.    Conclusion

For the foregoing reasons, the Court finds that the proceeds received by the Debtors constitutes property of the estate.  The parties are to confer regarding an appropriate form of order and to submit that proposed order under certification of counsel within 14 days of the date hereof.

Dated:  Wilmington, Delaware
            August 30, 2018

Brendan Linehan Shannon
United States Bankruptcy Judge

8